## ZARAGOZA AMUSEMENT CO. v. SCOTT.
### No. 9464.

Court of Civil Appeals of Texas. San
Antonio.
Dec. 12, 1934.

Rehearing Denied Jan. 23, 1935.

R. H. Mercer, of San Antonio, for appellant.

Augustus McCloskey and Sam K. Wasaff, both of San Antonio, for appellee.

SMITH, Justice.

During the showing of a moving picture in the Zaragoza Theatre in the city of San Antonio on May 5, 1933, a film was ignited in the projecting room, resulting in a commotion among the spectators, some of whom rushed out of the building. Among the spectators was the appellee, Miss Maria Scott, who, claiming she was injured when some of the others ran over or against her, brought this action for damages and recovered against the theater owner, Zaragoza Amusement Company, which has appealed.

The case was submitted to a jury upon sixteen special issues, all of which were answered, with unerring consistency, in favor of appellee, for whom the jury found damages in the sum of $100.

In her brief appellee seeks refuge under the doctrine of res ipsa loquitur, which she now, for the first time, invokes against appellant. It may be—although we do not so decide—that that doctrine was available to appellee in this suit; but, if it was, she waived it by alleging and relying upon specific acts of negligence to show liability against appellant.

We have very carefully considered the record, and have reached the conclusion that the judgment must be reversed. It is not deemed necessary or proper to go into a discussion of all the sixteen issues submitted, or all the fifty-seven assignments of error brought forward in appellant's fifty-page brief. We think it is sufficient to say that there was no evidence in the case to support the allegations or jury findings that the projecting room in appellant's theater was not properly constructed, or equipped, or operated, which constituted the theory upon which appellee recovered. On the contrary, so far as the record shows, appellant may have used the utmost care and foresight in constructing, equipping, and operating the theater. As a matter of fact, all the testimony adduced at the trial tended to refute, rather than support, the jury findings. Those findings are the only support under the judgment, which falls with them.

The judgment is reversed, and the cause remanded.